IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ROKEDRICK HILL                                                                                           PLAINTIFF

VERSUS                                                                   CIVIL ACTION NO. 3:08cv23-HTW-LRA

MARK SHEPARD, et al.                                                                                  DEFENDANTS

**MEMORANDUM OPINION**

On January 11, 2008, the plaintiff filed a complaint pursuant to Title 42 U.S.C. § 1983 and requested in forma pauperis status. This Court on January 18, 2008, entered two orders in this case. One order [5] directed the plaintiff to sign and return an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4) within thirty days. The second order [6] entered on January 18, 2008, directed the plaintiff to file a completed application to proceed in forma pauperis, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this Court within thirty days.

When the plaintiff failed to comply with the orders of January 18, 2008, the plaintiff was ordered to show cause [7] in writing, on or before April 10, 2008, why this case should not be dismissed for his failure to comply with the Court's orders of January 18, 2008. The plaintiff was once again warned that if he did not comply with the Court orders his case could be dismissed without further notice to the plaintiff.

Notwithstanding the warning[1] in the order to show cause [7] entered on March 26, 2008, the plaintiff failed to comply or to otherwise communicate with this Court.  Therefore, out of an abundance of cause,  a second order to show cause [8] was entered on April 24, 2008.  That order [8] directed the plaintiff to file a written response showing cause why this case should not be dismissed for his failure to comply with the Court's orders of January 18, 2008 and March 26, 2008, on or before May 9, 2008.  The second order to show cause [8] stated if the plaintiff  failed to keep this Court informed of his current address or if he failed to comply with the Court's orders in a timely manner, the instant civil action would be dismissed without further notice to the plaintiff.

The plaintiff has failed to communicate with the Court, either to inquire as to the status of his case or to comply with the orders of this Court.  It is apparent from the plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  Link, supra, 370 U.S. at 630.

---

[1] The plaintiff was warned in the notice of assignment as well as all the orders of this court that failure to comply with an order of this court or failure to provide a change of address could result in the dismissal of the instant civil action.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal will be without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this Memorandum Opinion will be entered.

This the 27th day of  June, 2008.

>                    s/ HENRY T. WINGATE
>                    CHIEF UNITED STATES DISTRICT JUDGE